*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE CITY OF STERLING HEIGHTS,

       Plaintiff-Appellee,

v

ROBERT BAHNKE,

       Defendant-Appellant.

FOR PUBLICATION
February 15, 2024
9:20 a.m.

No. 364264
Macomb Circuit Court
LC No. 2022-000387-AV

Before: GADOLA, C.J., and BORRELLO and BOONSTRA, JJ.

GADOLA, C.J.

Defendant appeals by leave granted[1] an order of the circuit court denying his appeal and affirming the district court. We reverse.

This case arises out of a citation issued by plaintiff to defendant for violating a city ordinance on July 13, 2020. The ordinance, Sterling Heights Code, § 20-115, requires fireworks vendors to hand out a flyer to purchasers and display signs that provide notice to customers of city and state laws regarding fireworks usage. Defendant, who manages the store Pro Fireworks, did not hand out the required flyers and was issued a citation for failing to comply with the ordinance.

Defendant appeared before a magistrate, who found defendant responsible for violating the ordinance and ordered a fine of $150. Defendant appealed to the district court, arguing that the ordinance was preempted by state law. The district court affirmed the magistrate's ruling and held that the ordinance was not preempted by state law because there was neither a direct conflict between the state statute and the ordinance or field preemption in the area of fireworks regulation. Defendant filed a claim of appeal with the circuit court. The circuit court affirmed the district court's order and determined that the ordinance was not preempted by state law for the same reasons stated by the district court. Defendant was granted leave to appeal by this Court. *People*

---

[1] *People of City of Sterling Heights v Robert Bahnke*, unpublished order of the Court of Appeals, entered June 14, 2023 (Docket No. 364264).

*of City of Sterling Heights v Robert Bahnke*, unpublished order of the Court of Appeals, entered June 14, 2023 (Docket No. 364264).

Defendant argues that the Michigan Fireworks Safety Act (MFSA), MCL 28.457, preempts plaintiff's ordinance because the ordinance directly conflicts with the statute and because the field of fireworks sales was exclusively occupied by the state. We agree that the ordinance directly conflicts with the statute and is therefore preempted by state law.

"Whether a state statute preempts a local ordinance is a question of statutory interpretation and, therefore, a question of law that we review de novo." *Ter Beek v City of Wyoming*, 297 Mich App 446, 452; 823 NW2d 864 (2012), aff'd 495 Mich 1 (2014). De novo review means that this Court reviews the legal issue independently, without deference to lower courts. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

Local governments may generally regulate matters of local concern when this power is conferred by the state. *DeRuiter v Twp of Byron*, 505 Mich 130, 140; 949 NW2d 91 (2020). A local regulation, however, may be preempted by a state law either expressly or by implication. *Id*. There are two types of implied preemption, field preemption and conflict preemption, both of which defendant alleges in this case. *Id*. Field preemption occurs when the state "has occupied the entire field of regulation in a certain area." *Id*.

Conflict preemption occurs "when a local regulation directly conflicts with state law." *DeRuiter*, 505 Mich at 140. A direct conflict occurs when " 'the ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits.' " *Id*., quoting *People v Llewellyn*, 401 Mich 314, 322 n 4; 257 NW2d 902 (1977). When an ordinance merely adds to regulations that state law imposes, a direct conflict does not generally arise. *USA Cash #1, Inc v City of Saginaw*, 285 Mich App 262, 267; 776 NW2d 346 (2009).

Defendant argues that plaintiff's ordinance, Sterling Heights Code, § 20-115, directly conflicts with the MFSA, specifically MCL 28.457(1), which states, "Except as provided in this act, a local unit of government shall not enact or enforce an ordinance, code, or regulation pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution of fireworks regulated under this act." Plaintiff's ordinance states, in relevant part:

> Every fireworks vendor advertising consumer fireworks for sale within the city shall provide notice, as set forth in this subsection, to every purchaser of consumer fireworks by including an 8½" x 11" flyer with every purchase and by displaying a sign affixed to each side of any display area or temporary facility or consumer fireworks retail stand, as both are defined by the Michigan Administrative Code, where fireworks are sold at retail. To be in compliance with this subsection, the font on a flyer shall be no smaller than 14-point boldface type, and the lettering on a sign shall be visible and discernible from every point of sale and, for temporary facilities, from a distance of at least 20 feet outside the footprint or boundaries of the facility. Each day that a vendor remains out of compliance with the requirements of this subsection shall be chargeable as a separate offense. At a minimum, each flyer and/or sign shall contain any information required by the City

Manager, the Police Chief, or the Fire Chief, as well as all of the following information:

NOTICE OF CITY AND STATE LAWS

1. STATE LAW PERMITS, UNDER MCL 28.457, THE IGNITION, DISCHARGE, AND USE OF CONSUMER FIREWORKS (IN GENERAL, THE TYPE THAT LEAVE THE GROUND) AT THE FOLLOWING TIMES, AND SUCH ACTIVITIES ARE PROHIBITED IN STERLING HEIGHTS ON ANY DAYS AND TIMES OTHER THAN THE FOLLOWING TIMES: BETWEEN 11:00 A.M. AND 11:45 P.M. ON THE SATURDAY AND SUNDAY IMMEDIATELY BEFORE MEMORIAL DAY AND LABOR DAY, JUNE 29TH TO JULY 4TH, AND JULY 5TH IF THAT DATE IS A FRIDAY OR SATURDAY, AND BETWEEN 11:00 A.M. ON DECEMBER 31ST UNTIL 1:00 A.M. ON JANUARY 1ST (A TOTAL OF 12 OR 13 CALENDAR DAYS PER YEAR).

2. FIREWORKS THAT MAKE NOISE THAT CAN BE HEARD FROM ANY PUBLIC PLACE MAY NOT BE USED AFTER 11:00 P.M.

3. FOR FIREWORKS THAT LEAVE THE GROUND, ONLY THE PERSON IGNITING THE FIREWORKS MAY BE WITHIN 25 FEET, AND MINORS MAY NOT BE WITHIN 50 FEET.

4. FIREWORKS THAT LEAVE THE GROUND MAY NOT BE DISCHARGED ON GOVERNMENT PROPERTY, INCLUDING PARKING AREAS, STREETS, AND SIDEWALKS, OR ON PROPERTY OWNED BY ANOTHER UNLESS YOU HAVE EXPRESS PERMISSION FROM THE GOVERNMENT OR THE PROPERTY OWNER TO DISCHARGE FIREWORKS.

5. FIREWORKS THAT LEAVE THE GROUND MAY NOT BE USED BY A PERSON WHO IS UNDER THE INFLUENCE OF ALCOHOLIC LIQUOR AND/OR ANY CONTROLLED SUBSTANCE (INCLUDING PRESCRIPTIONS).

6. DISTURBING THE PEACE, NOISE AND NUISANCE VIOLATIONS, AND LITTERING ARE MISDEMEANORS. YOU ARE RESPONSIBLE FOR CLEANING UP ANY FIREWORKS DEBRIS THAT ENDS UP ON PROPERTY THAT IS NOT YOUR OWN.

7. POLICE AND FIRE OFFICIALS MAY CITE YOU FOR MISDEMEANOR OR CIVIL INFRACTION VIOLATIONS OF STATE LAWS AND CITY ORDINANCES, WITH FINES RANGING FROM $150 TO $1,000 FOR EACH CIVIL INFRACTION VIOLATION. OFFICIALS MAY ALSO CONFISCATE ILLEGAL FIREWORKS AND FIREWORKS BEING USED UNLAWFULLY. YOU WILL BE RESPONSIBLE FOR THE COST OF DISPOSING OF THOSE FIREWORKS.

The reverse side of every flyer shall depict a standard calendar for the applicable year, with each day on which consumer fireworks may be used highlighted for easy reference. The title on the calendar side of the flyer shall read: "Consumer fireworks may only be used on 12 or 13 calendar days each year, subject to the rules on the reverse side. Permitted days are highlighted on the calendar below."

Defendant argues that the ordinance regulates the sale of fireworks by prohibiting the sale of fireworks if the vendor does not provide the required flyer. Defendant contends that this is in direct conflict with the MFSA, which does not allow local governments to regulate the sale of fireworks. Defendant accurately describes the flyer requirement as a condition of the sale of fireworks in Sterling Heights.

Plaintiff asserts that the ordinance does not directly conflict with the MFSA because it complements the statute by requiring fireworks vendors to notify purchasers of local firework restrictions after they have completed their fireworks purchase. Plaintiff argues that this does not regulate the sale or display of fireworks, rather, it simply exacts additional requirements, which are permitted as long as they do not permit what the statute prohibits or prohibit what the statute permits, which is the sale of fireworks. Plaintiff contends that the ordinance in no way regulates the sale or display of fireworks because it does not determine who can sell fireworks, where they can be sold, the number of fireworks that may be sold, the times of the year that they may be sold, or the types of fireworks which can be sold. Plaintiff asserts that the flyers are required only after a purchase and they serve to inform the public of local laws.

It would be difficult to conceive a more direct conflict between a state statute and a local ordinance than the one appearing in this case. To begin, the statute prohibits a local unit of government from enacting or enforcing an ordinance "pertaining to or in any way regulating the sale . . . of fireworks regulated under this act." The ordinance in question not only "pertains to" the sale of fireworks, it directly regulates the sale of fireworks by requiring that sellers of fireworks within the city provide customers a detailed, double-sided notice of local fireworks laws at the point of each sale (not, as plaintiffs unpersuasively argue, "after" the sale). The ordinance further requires that sellers of fireworks post notices containing the same detailed information at certain locations in their retail venues. And the ordinance provides that each day a seller is out of compliance with these requirements may be charged as a separate offense, subjecting the seller to the imposition of a fine, as happened in this case.

It simply cannot be said that an ordinance requiring that sellers of fireworks supply their customers with detailed notices *when selling fireworks*, and imposing a fine upon them if they fail to comply, somehow does not "regulate" the sale of fireworks. The ordinance certainly, at the very least, "pertains to" the sale of fireworks, which in itself places it beyond the reach of the local authorities.

The City's argument that the ordinance in question is merely an additional layer of regulation of the use of fireworks and therefore not in conflict with the statute is simply not persuasive. The fact that this particular ordinance does not determine who may sell fireworks, where they may be sold, or the types of fireworks that may be sold, does nothing to persuade us that this ordinance is somehow authorized. The fact that other ordinances might be more egregiously in violation of the statute does not mean that an arguably less egregious violation

becomes acceptable. Subsection (2) of Section 7 of the Act, MCL 28.457(2), permits local units of government to enact ordinances regulating such things as the ignition and discharge of consumer fireworks, including setting the hours during which a person may use fireworks within the municipality. Local ordinances addressing those matters would be in the nature of acceptable additional layers of regulation the Act expressly permits. Subsection (1), however, clearly and unambiguously prohibits an ordinance of the type at issue here, being as it is a regulation "pertaining to" or "regulating" the sale, as opposed to the use, of fireworks.

It is also worth noting that the requirements the ordinance imposes appear to be subject to change without notice, as they are in addition to "*any information* required by the City Manager, the Police Chief, or the Fire Chief" to be included in the notices (emphasis added). In theory, any one of these officials could whimsically alter the requirements the ordinance spells out by imposing requirements for additional information beyond those spelled out in the ordinance. This aspect of the ordinance raises serious due process considerations, which are not raised in this appeal and which we need not address given our conclusion that the ordinance directly conflicts with state law.

Defendant also argues that the ordinance has been field-preempted by the MFSA. Given our conclusion that the statute preempts the ordinance on the basis of a direct conflict, we need not address this additional basis for the requested relief.

Reversed and remanded for further proceedings consistent with this opinion. Defendant having prevailed in full may tax costs. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra